**IT IS ORDERED as set forth below:**

**Date: November 23, 2020**



_____
**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| IN RE: <br><br> BEAULIEU GROUP, LLC AND BEAULIEU TRUCKING, LLC, <br><br>     Debtors. | CASE NO. 17-41677-BEM <br><br><br> CHAPTER 11 |
| ENGINEERED FLOORS, LLC, <br><br>     Plaintiff, <br><br> v. <br><br> BEAULIEU OF AMERICA, INC.; BEAULIEU GROUP, LLC; PMCM 2, LLC in its capacity as the liquidating trustee for the Estates of Beaulieu Group, LLC, et al.; and LAKESHORE EQUIPMENT COMPANY D/B/A LAKESHORE LEARNING MATERIALS, <br><br>     Defendants. | ADVERSARY PROCEEDING NO. 18-4031-BEM |

**O R D E R**

This proceeding is before the Court on Defendant Lakeshore Equipment Company's ("Lakeshore") *Motion to Sever*, as supplemented. [Docs. 29, 30, 50, 83], Plaintiff Engineered Floors, LLC's ["EF"] Responses [Docs. 60, 86], Defendants Beaulieu Group, LLC ("Beaulieu") and PMCM2, LLC's (the "Liquidating Trustee" and with Beaulieu the "BLT Defendants") Response [Doc. 63], and Lakeshore's Replies [Docs. 66, 67, 98]. Lakeshore asks the Court to sever EF's claims against Lakeshore from EF's claims against the BLT Defendants to allow the claims against Lakeshore to proceed in an appropriate forum.

EF's Amended Complaint [Doc. 79] sought relief related to claims by Lakeshore for defective carpeting that fall into three categories or buckets. Bucket 1 claims involve carpet manufactured by Beaulieu and sold to Lakeshore by Beaulieu. Bucket 2 claims involve carpet manufactured in whole or in part by Beaulieu and sold to Lakeshore by EF. Bucket 3 claims involve carpet manufactured by EF and sold to Lakeshore by EF. The Amended Complaint asserted the following counts: (1) declaratory judgment against Lakeshore and the Liquidating Trustee; (2) specific performance of an Asset Purchase Agreement ("APA") [Case No. 17-41677, Docs. 297 Ex. A, 335] and enforcement of the order approving the APA (the "Sale Order") [Id. Doc. 345] against Lakeshore and the Liquidating Trustee; (3) breach of contract and duty of good faith and fair dealing against the Liquidating Trustee; (4) money had and received, constructive trust against the Liquidating Trustee; (5) unjust enrichment against the Liquidating Trustee; (6) apportionment, indemnity, and contribution against the Liquidating Trustee; (7) injunction against Lakeshore; (8) allowance of administrative expense priority claim to the extent of benefit to the estate against the Liquidating Trustee; (9) civil contempt against Lakeshore; and (10) bad faith attorney fees against Lakeshore.

The Liquidating Trustee asserted a counterclaim objecting to EF's administrative expense claim. [Doc. 80]. Lakeshore asserted the following counterclaims: (1) breach of implied-in-fact contract; (2) breach of contract; (3) breach of implied warranty of merchantability; (4) breach of implied warranty of fitness for a particular purpose; (5) breach of express warranties; (6) negligent misrepresentation; (7) breach of the implied covenant of good faith and fair dealing; (8) declaratory relief; and (9) transfer of claims to California. [Doc. 15 and Doc. 84 ¶ 132].

On June 2, 2020, the Court entered an order in the bankruptcy case approving a settlement between the Liquidating Trustee and Lakeshore. [Case No. 17-41677, Docs. 1928, 1944]. Under the settlement, all of Lakeshore's claims against the estate (including the Bucket 1 claims) will be resolved by allowance of Lakeshore's administrative expense claim in the amount of $102,500.

On November 16, 2020, the Court entered an order granting summary judgment to the BLT Defendants on their counterclaim and on all counts against them in the Amended Complaint (the "Summary Judgment Order"). [Doc. 136]. The Summary Judgment Order also granted partial summary judgment to Lakeshore on the legal issue of liability for Bucket 2 and Bucket 3 claims under the APA and Sale Order, and determined that the BLT Defendants have no liability for such claims.

Lakeshore seeks severance of the claims against it pursuant to Federal Rule of Civil Procedure 21, made applicable by Federal Rule of Bankruptcy Procedure 7021. Alternatively, Lakeshore asks the Court to dismiss and remand the claims against it pursuant to 28 U.S.C. § 1441(c) or to direct the parties to another court. Relief under § 1441(c) is not appropriate here because that statute provides for remand of cases that have been removed from state court to federal court. *See also* 28 U.S.C. § 1452 (governing removal and remand of claims related to bankruptcy

cases). Lakeshore did file suit against EF in the Los Angeles County, California Superior Court, and that lawsuit was removed to federal court, but it was subsequently dismissed by Lakeshore. [Doc. 79 ¶ 3-4; Doc. 84 ¶ 3-4]. This adversary proceeding originated in this Court and there is no court to which it can be remanded.[1]

With respect to the request to sever, Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." The Court may sever one claim from another when it is "'discrete and separate.' In other words, one claim must be capable of resolution despite the outcome of the other claim." *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 442 (7th Cir. 2006) (quoting *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000)) (distinguishing severance under Fed. R. Civ. P. 42(b)). Factors courts consider in deciding whether to sever claims under Rule 21 include: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *In re Rolls Royce Corp*., 775 F.3d 671, 680 n.40 (5th Cir. 2014) (quotation marks and citations omitted).

Here, the effect of the settlement between Lakeshore and the BLT Defendants and the Summary Judgment Order was to resolve the Bucket 1 claims and to determine that the BLT Defendants have no liability for the Bucket 2 or Bucket 3 claims. Therefore, the only claims remaining to be resolved are state law claims between EF and Lakeshore. In other words, what

---

[1] EF has filed a separate proceeding against Lakeshore in Whitfield County, Georgia Superior Court, which has been removed to the District Court for the Northern District of Georgia, and Lakeshore has filed a separate proceeding against EF in the District Court for the Central District of California. [Docs. 86 at 22 and 98 at 3].

4

remains is a two-party dispute between non-debtors that will not affect the claims already decided, such that severance is appropriate. More importantly, it appears the Court lacks jurisdiction to decide the remaining claims.

Pursuant to 28 U.S.C. § 1334(b) this Court has jurisdiction over three types of civil proceedings: those that arise under title 11, those that arise in cases under title 11, and those that are related to cases under title 11. Matters that "arise under" title 11 are those that invoke a substantive right created by the Bankruptcy Code. *Continental Nat. Bank v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1345 (11th Cir. 1999). Matters that "arise in a case under" title 11 generally are administrative type matters or "matters that could arise only in bankruptcy." *Id.* (citing *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir.1987)). The unresolved claims arise under state law and could arise outside of bankruptcy. Therefore, neither "arising under" nor "arising in" jurisdiction applies.

> "Related to" jurisdiction applies to matters in which
>
> the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Id.* (quoting *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir.1990)). Because the BLT Defendants can have no liability for the remaining claims under the APA and Sale Order, they will not conceivably have any effect on the bankruptcy estate. Therefore, "related-to" jurisdiction does not apply.

Even if there were a jurisdictional basis for this Court to decide such claims, abstention would be appropriate under 28 U.S.C. § 1334(c)(1) due to the lack off effect on the

5

bankruptcy estate, the predominance of state law issues, the existence of related proceedings in nonbankruptcy courts, and the fact that the remaining claims are between two non-debtor parties. *See Anderson v. Patel (In re Diplomat Const., Inc.)*, 512 B.R. 721, 724-26 (Bankr. N.D. Ga. 2014) (Diehl, J.).

In accordance with the foregoing, it is

ORDERED that Lakeshore's Motion to Sever is GRANTED; it is further

ORDERED that EF's claims against Lakeshore and Lakeshore's counterclaims against EF are DISMISSED for lack of subject matter jurisdiction; it is further

ORDERED that all other pending motions are DENIED as moot.

**END OF ORDER**

**Distribution List**

Laura K. DiBiase
Miller & Martin PLLC
Suite 2100
1180 West Peachtree Street, NW
Atlanta, GA 30309

William A. DuPre, IV
Miller & Martin, PLLC
Suite 2100
1180 West Peachtree Street, N.W.
Atlanta, GA 30309

Matthew W. Levin
Scroggins & Williamson, P.C.
One Riverside, Suite 450
4401 Northside Parkway
Atlanta, GA 30327

J. Robert Williamson
Scroggins & Williamson, P.C.
One Riverside, Suite 450
4401 Northside Parkway
Atlanta, GA 30327

John F. Isbell
Thompson Hine LLP
Suite 1600 - Two Alliance Center
3560 Lenox Road
Atlanta, GA 30326

John K. Flock
Bradley & Gmelich LLP
700 N. Brand Blvd
10th Floor
Glendale, CA 91203

Albert F. Nasuti
Thompson, OBrien, Kemp & Nasuti, P.C.
40 Technology Parkway South
Suite 300
Peachtree Corners, GA 30092