

**IT IS ORDERED as set forth below:**

**Date: October 31, 2022**

_____

**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

|  |  |
|---|---|
| IN RE: | |
| BEAULIEU GROUP, LLC et al., | CASE NO. 17-41677-BEM |
| Debtors. | |
|  | CHAPTER 11 |
| ENGINEERED FLOORS, LLC, | |
| Plaintiff, | |
| v. | ADVERSARY PROCEEDING NO. 18-4031-BEM |
| BEAULIEU OF AMERICA, INC., et al., | |
| Defendant. | |

## O R D E R

This matter is before the Court on Plaintiff Engineered Floors, LLC's ("EF")

_Motion to Determine Sufficiency of Answers and Objections to Requests for Admission and for_

_Attorneys' Fees_ (the "Motion"). [Doc. 197]. Defendant Lakeshore Equipment Company

("Lakeshore") filed a response, and EF filed a reply. [Docs. 199, 205]. The Motion is now ripe for determination.

## I. Background

The background of this case is set forth in this Court's order on motions for summary judgment (the "Summary Judgment Order") and will not be repeated here. [Doc. 136 at 2-4]. At issue in this case are three categories of carpet and related product defect claims as follows: Bucket 1: carpet manufactured and sold by Debtors; Bucket 2: carpet manufactured in whole or part by Debtors and sold by EF; Bucket 3: carpet manufactured and sold by EF. In the Summary Judgment Order, the Court found that EF is not liable for Bucket 1 claims, but is not immune from liability for Bucket 2 and Bucket 3 claims. Shortly after entering the Summary Judgment Order, the Court entered a separate order granting Lakeshore's motion to sever and dismissing all of EF's claims against Lakeshore and all of Lakeshore's counterclaims for lack of jurisdiction. The Court also denied all pending motions as moot (the "Severance Order"). [Doc. 138].

Both the Summary Judgment Order and the Severance Order were appealed to the District Court. Although the District Court considered the appeals separately, it issued one order for both appeals. [Docs. 170, 171]. The District Court affirmed the Summary Judgment Order, and that decision—including the issue of whether EF is liable for Bucket 2 claims—is currently pending on appeal in the Eleventh Circuit Court of Appeals. [Doc. 173]. With respect to the Severance Order, the District Court reversed the dismissal of EF's claim for contempt against Lakeshore (Count 9 of the amended complaint) and remanded for further proceedings. [Doc. 171]. That ruling was also appealed to the Eleventh Circuit, but the appeal was dismissed for lack of jurisdiction. [Docs. 182, 194]. These rulings put EF's contempt claim back before this Court, and the Court reopened discovery on a limited basis. [Doc. 195].

EF's Motion seeks a ruling that certain requests for admission ("RFA") that it served on Lakeshore be deemed admitted because Lakeshore's responses to those RFAs were incorrect, insufficient, and evasive. EF also seeks an award of attorneys' fees. In response, Lakeshore contends that its responses were sufficient at the time they were provided, that it has now amended its responses rendering moot any issues with the original responses, and that attorney fees are not appropriate because the Court has not ruled on its objections to the RFAs and EF has not shown the RFAs are of substantial importance to the contempt claim.

## II. Applicable Law

Requests for admission are governed by Federal Rule of Civil Procedure 36, made applicable here by Federal Rule of Bankruptcy Procedure 7036. Rule 36 provides in relevant part as follows:

> (a) Scope and Procedure.
> (1) Scope. A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
> (A) facts, the application of law to fact, or opinions about either[.]
> …
> (4) Answer. If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.
> …
> (6) Motion Regarding the Sufficiency of an Answer or Objection. The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

3

Fed. R. Civ. P. 36(a). A party who has responded to an RFA must timely supplement its responses

"if the party learns that in some material respect the disclosure or response is incomplete or

incorrect, and if the additional or corrective information has not otherwise been made known to

the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A); Fed. R.

Bankr. P. 7026. Therefore, to determine whether to grant EF's request that the RFAs at issue be

deemed admitted, the Court first must consider any objections raised by Lakeshore.[1] If there are

no justified objections, then the Court must consider whether the responses, as amended, are

sufficient.

A failure to admit a fact that the proponent of the RFAs contends is undisputed is

not a basis for granting a motion under Rule 36(a)(6). *Interland, Inc. v. Bunting*, No. 1:04-CV-

444-ODE, 2005 WL 2414990, at *9 (N.D. Ga. Mar. 31, 2005) ("Rule 36 only requires an

admission, denial, or objection. Defendant has complied. The accuracy of its responses will be

determined at trial."). However, it can be a basis for sanctions under Rule 37(c) in the absence of

good reasons for the failure to admit. Fed. R. Civ. P. 36, Advisory Committee Note to 1970

Amendments. When the responding party provides a qualified answer, the Court should "balance

the right of a party to qualify responses when necessary against the requirement that responses

meet the substance of the request." *United States ex rel. Bibby v. Mortg. Invs. Corp.*, 323 F.R.D.

424, 430 (N.D. Ga. 2017). To do so, the Court should consider whether the substance of the

qualification "had been put in issue by the request itself or whether instead the qualification

injected argument where none was called for. … Where an issue had been raised in the request, a

---

[1] Lakeshore's original responses to the RFAs were prefaced with a number of general objections, which will not be considered. "Rule 36 is clear that objections to requests should be addressed to the specific matter. This 'global guard tactic' is improper and the Court will ignore the objections unless they are specifically asserted in response to a request." *Interland, Inc. v. Bunting*, No. 1:04-CV-444-ODE, 2005 WL 2414990, at *9 (N.D. Ga. Mar. 31, 2005) (citing *Henry v. Champlain Enter., Inc.*, 212 F.R.D. 73, 80 (N.D.N.Y. 2003)); *see also United States ex rel. Bibby v. Mortg. Invs. Corp.*, 323 F.R.D. 424, 427 (N.D. Ga. 2017) (boilerplate objections to requests for admissions are generally waived if the request is answered).

qualification meeting that issue was proper; otherwise, it was not." *Id.* If the responses to the RFAs

are not sufficient, the Court must decide whether to deem the RFAs admitted or to require amended

responses from Lakeshore. In making its decision, the Court should be mindful that "'Rule 36 is

not a discovery device,' … but rather a way 'to facilitate proof with respect to issues that cannot

be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.'"

*Id.* at 426 (quoting *Pickens v. Equitable Life Assur. Soc. of U.S.*, 413 F.2d 1390, 1393 (5th Cir.

1969) & Fed. R. Civ. P. 36, Advisory Committee Note to 1970 Amendment).

The Court may defer its decision until the pretrial conference or other specified

time before trial. "Permitting this deferral may be particularly useful when the request involves the

application of law to fact, but even in that situation the court should not automatically defer

decision." Wright & Miller, 8B Fed. Prac. & Proc. § 2263 (3d ed.).

The award of attorney fees is governed by Federal Rule of Civil Procedure 37, made

applicable here by Federal Rule of Bankruptcy Procedure 7037. With respect to RFAs, the Rule

provides as follows:

> (c) Failure to disclose, to supplement an Earlier Response, or to Admit.
> …
> (2) Failure to Admit. If a party fails to admit what is requested under Rule
> 36 and if the requesting party later proves a document to be genuine or the matter
> true, the requesting party may move that the party who failed to admit pay the
> reasonable expenses, including attorney's fees, incurred in making that proof. The
> court must so order unless:
> > (A) the request was held objectionable under Rule 36(a);
> > (B) the admission sought was of no substantial importance;
> > (C) the party failing to admit had a reasonable ground to believe that
> it might prevail on the matter; or
> > (D) there was other good reason for the failure to admit.

Fed. R. Civ. P. 37(c)(2).

Here, EF contends that the undisputed record evidence shows that the matters stated

in the RFAs are true and were improperly denied, while Lakeshore contends that there were good

reasons at the time of making its original responses to either deny or object to the RAFs, both of which raise evidentiary issues. Additionally, EF has requested an evidentiary hearing on its request for attorneys' fees to coincide with the trial on the contempt claim. Therefore, the Court will defer ruling on the request for attorneys' fees until after an evidentiary hearing to be scheduled at a later date.

## III. Sufficiency of the RFAs

EF served its First Requests for Admission ("First RFA") on Lakeshore on February 27, 2019. [Doc. 41]. Lakeshore served its objections and responses on March 28, 2019. [Doc. 43]. EF served its Second Requests for Admission ("Second RFA") on Lakeshore on June 26, 2020. [Doc. 81]. Lakeshore served its objections and responses on July 23, 2020. [Doc. 92]. At issue here are First RFAs 2, 3, 6, and 8, and Second RFA 10. Lakeshore's response to the Motion, in which it presented amended responses to the RFAs at issue, was filed on September 21, 2022.

### A. First RFA 2

First RFA 2, Lakeshore's response, and Lakeshore's amended response are as follows:

> 2. That no later than August 31, 2017, Lakeshore knew that Debtor had filed for bankruptcy.
>
> RESPONSE: After reasonable inquiry and based on the information currently known or readily obtainable to Lakeshore, Lakeshore is without sufficient information to admit or deny Request No. 3 [sic]. Accordingly, Request No. 2 is denied as stated.
>
> AMENDED RESPONSE: Lakeshore admits that by August 31, 2017, it was notified by one of Beaulieu's employees, Steve Cvitanovich, that Debtor had filed bankruptcy. Lakeshore denies that it was a creditor of any of the debtor entities when it received such notice.

6

Lakeshore did not assert an objection to this RFA. The first sentence of the amended response admits the RFA, and EF does not argue otherwise but notes that Lakeshore refuses to admit the RFA as stated.[2] The second sentence of the amended response includes a denial that Lakeshore was a creditor of Debtor at the time it received notice of the bankruptcy. Lakeshore's status as a creditor was not put into issue by the RAF and does not go to the substance of the RFA and is therefore, not an appropriate qualification. Accordingly, the Court will strike the second sentence of Lakeshore's amended response.

**B. First RFA 3**

First RFA 3, Lakeshore's response, and Lakeshore's amended response are as follows:

> 3. That no later than November 4, 2017, Lakeshore knew that Engineered Floors was buying assets from the Debtor.
>
> RESPONSE: After reasonable inquiry and based on the information currently known or readily obtainable to Lakeshore, Lakeshore is without sufficient information to admit or deny Request No. 3. Accordingly, Request No. 3 is denied as stated.
>
> AMENDED RESPONSE: After reasonable inquiry and based on the information currently known or readily obtainable to Lakeshore, Lakeshore is without sufficient information to admit or deny Request No. 3. Accordingly, Request No. 3 is denied as stated. Lakeshore further admit [sic] that on November 6, 2017, Steve Cvitanovich notified Lakeshore that "Engineered Floors has purchased Beaulieu of America."

Lakeshore did not assert an objection to First RFA 3. Both the original and the amended response deny the RFA based on insufficient information, but the amended response is qualified. EF contends the amended response is evasive and argumentative and fails to fairly respond to the substance of the matter and remains insufficient. Additionally, EF contends the

---

[2] To the extent EF argues that Lakeshore's *original* response (to this RFA and others) conflicted with Lakeshore's actual knowledge at the time and that Lakeshore failed to demonstrate it made reasonable inquiry, those are evidentiary matters that are appropriately considered at the hearing on EF's sanctions request under Rule 37.

7

response does not explain in detail why Lakeshore cannot truthfully admit or deny the RFA. The

RFA is requesting admission of knowledge that EF "was buying assets" as of a specific date,

November 4, 2017. The qualification in the amended response is that Lakeshore had notice that

EF had "purchased Beaulieu of America" by a slightly later date, November 6, 2017. The

qualification is specific about what Lakeshore knew, how Lakeshore knew it, and when Lakeshore

knew it. It responds to matters put into issue by the RFA and does not inject uncalled for argument.

Furthermore, the assertion of lack of sufficient information satisfies Rule 36 because it states that

Lakeshore made a reasonable inquiry based on information known or readily obtainable. Fed. R.

Civ. P. 36 Advisory Committee Note to 1970 Amendment ("Rule 36 requires only that the party

state that he has taken these steps" of making a reasonable inquiry and consulting materials readily

available to the party.); *see also Odom v. Roberts*, 337 F.R.D. 347, 353 (N.D. Fla. 2020) ("Rule

36 does not authorize this court to hold a mini-trial to determine if [the party] truly did make a

reasonable inquiry. … If … [the party] has not made a reasonable inquiry, Plaintiff's remedy is to

seek sanctions under Rule 37(c)"). Therefore, the Court finds Lakeshore's amended response to

First RFA 3 is sufficient.

### C. First FRA 6

First RFA 6, Lakeshore's objection and response, and Lakeshore's amended

objection and response are as follows:

6. That Engineered Floors did not merge with any of the Debtor [sic].

RESPONSE: Lakeshore objects to Request No. 6 on the grounds that same is vague, overly broad, and seeks a legal conclusion. Subject to the foregoing objections, and without waiving same, denied.

AMENDED RESPONSE: Lakeshore objects to Request No. 6 on the grounds that same is vague, overly broad, and seeks a legal conclusion. Subject to the foregoing objections, and without waiving same, Lakeshore admits that it was originally under the impression that Beaulieu of America and Engineered Floors did, in fact,

"merge" as represented by Steve Cvitanovich in an e-mail dated November 6, 2017. Lakeshore admits that it later learned that Engineered Floors acquired Beaulieu of America and that the two companies did not merge.

Lakeshore raises three objections to First RFA 6. EF objects first that the RFA is vague and second that it is overly broad; both objections were made without elaboration or explanation. The RFA is neither vague nor overly broad as it is seeking admission of one discrete item. Therefore, the Court will overrule both objections.

Third, EF objects that the RFA seeks a legal conclusion. A party may request admission of "the application of law to fact[.]" FRCP 36(a)(1)(A). However, Rule 36 "does not authorize requests for admissions of law unrelated to the facts of the case." *Id.* Committee Notes for 1970 Amendments. "The key distinction, then, in determining whether a request relat[es] to a legal question is … proximity and relevance to the discrete facts of the case. Requests that deal with applications of the law to facts that, though they are related to the given case are asked in a way that applies beyond it are likely impermissible … whereas requests that apply the legal conclusions to the discrete facts of the given case are more likely permissible[.]" *Bibby*, 323 F.R.D. at 428–29 (finding that request for defendant to admit it was a close corporation was an application of law to facts). In *Bibby*, the plaintiff requested admission that the defendant was a close corporation; the defendant responded that it had never contended it was a close corporation but reserved the right to make that contention later. *Id.* at 427. The court found the answer nonresponsive because, upon review of applicable Ohio law, whether the defendant was a close corporation was determined by whether it had executed a close corporation agreement, and the defendant either had done so or had not. *Id.* at 429. ("Asking MIC to admit that it is not a close corporation … is the logical equivalent of asking MIC to admit that it has not adopted a 'close corporation [agreement]' as described in subsection (A) of that statute."). Here, Lakeshore has

9

been asked to admit the corporate status of two other entities whose relationship is the subject of

the APA and Sale Order. As in *Bibby*, it is a request for the application of law to facts. *See* O.C.G.A.

§ 14-11-901 to -906 (setting forth procedures for merger of a limited liability company). Therefore,

Lakeshore's objection will be overruled.

Turning to the sufficiency of the amended response, Lakeshore admits that EF and

Debtor did not merge but qualifies that admission with the statement that it originally thought

otherwise based on representations made by an employee of EF. EF argues that the response is an

attempt to justify Lakeshore's contempt of the Sale Order on the basis that it was misled into

believing EF and Debtor had merged. The Court finds that the qualification goes to the substance

of the RFA, which is Lakeshore's knowledge regarding the structure of the sale. Therefore, the

Court finds the amended response to First RFA 6 is sufficient.

### D. First RFA 8

First RFA 8, Lakeshore's response, and Lakeshore's amended objection and

response are as follows:

> 8. As related to Lakeshore's claims in this Adversary Proceeding, Engineered
> Floors is not the successor of the Debtor under any applicable law.
>
> RESPONSE: Denied.
>
> AMENDED RESPONSE: Lakeshore is without sufficient information to admit or
> deny Request No. 8 in that it seeks Lakeshore to admit or deny a legal conclusion.
> Lakeshore admits Request No. 8 only to the extent that the APA and Sale Order do
> not treat Engineered Floors as a successor of the Debtor. Lakeshore further states
> that it amended its pleadings to abandon its arguments that Engineered Floors was
> a successor of the Debtor.

Lakeshore raised no objections in its initial response. In the amended response,

Lakeshore does not expressly object but states First RFA 8 seeks admission of a legal conclusion.

"Generally, when a party fails to timely and properly object to a discovery request, such objections

are waived." *In re Cap. One Bank Credit Card Int. Rate Litig*., 286 F.R.D. 676, 679 (N.D. Ga. 2012). Although other discovery rules expressly provide for waiver of objections, Rule 36 does not. *See* Fed. R. Civ. P. 32(d), 33(b)(4), and Advisory Committee Notes to 1970 Amendments of Rule 34 ("The procedure provided in Rule 34 is essentially the same as that in Rule 33, as amended[.]"). However, Rule 36(a)(3) provides that an RFA is deemed admitted unless an answer or objection is filed within 30 days after service of the RFA. The objection here was not lodged within 30 days of service of the RFA. And while Rule 26(e) provides for supplementing responses to requests for admission "if the party learns that in some material respect the disclosure or response is incomplete or incorrect," it does not provide for lodging new objections. Therefore, the Court finds that, to the extent Lakeshore objected to First RFA 8, that objection is waived. *Accord Wagner v. St. Paul Fire & Marine Ins. Co*., 238 F.R.D. 418, 423 (N.D. W. Va. 2006) ("Even though Rule 36 does not contain the same specific waiver provisions as Rules 33 and 34, there are strong indications such a requirement should be implied.").

Turning to the sufficiency of the amended response, the RFA seeks an admission that EF is not a successor to Debtor under any applicable law. Lakeshore first states it is without sufficient information to admit or deny the RFA because it seeks a legal conclusion. With that qualification, Lakeshore admits that the APA and Sale Order do not treat EF as a successor and that it has abandoned arguments that EF is a successor. EF argues that Lakeshore's disavowal of sufficient knowledge to admit or deny the RFA lacks merit, noting that the APA and Sale Order provide that EF is not Debtor's successor under any successor liability or other such law—a point that Lakeshore expressly admitted.[3] The amended response qualifies its answer and provides a

---

[3] The Sale Order provides: "The Purchaser [EF] is not a 'successor' to the Debtors or their estates by reason of any theory of law or equity, and the Purchaser shall not assume, nor be deemed to assume, or in any way be responsible for any liability or obligation of the Debtors and/or their estates … except for the assumption of the Assumed Liabilities as expressly provided in the Agreement. Except to the extent the Purchaser assumes the Assumed Liabilities

11

reasonable basis for the qualification, given the that the RFA is requesting an admission as to "any

applicable law." Therefore, the Court finds the amended response to First RFA 8 is sufficient.

### E. Second RFA 10

Second RFA 10, Lakeshore's response, and Lakeshore's amended response are as

follows:

10. You are bound by the APA and by the Sale Order approving it.

RESPONSE: Denied.

AMENDED RESPONSE: Lakeshore admits that the subject Asset Purchase
Agreement was attached to the Debtors' Motion for Entry of an Order (i)
Authorizing the Sale of Assets Free and Clear of Liens, Claims, and Encumbrances;
(ii) Granting First Request for Authority to Assume and Assign Executory
Contracts and Unexpired Leases and Establishing Cure Costs in Connection
Therewith; and (iii) Granting Related Relief as Exhibit "B", filed on October 6,
2017 (Docket No. 297). Lakeshore further admits that the Bankruptcy Court entered
the Order (A) Approving Asset Purchase Agreement and Authorizing the Sale of
Assets of the Debtors Outside the Ordinary Course of Business; (B) Authorizing
the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests;
(C) Authorizing the Assumption and Sale and Assignment of Certain Executory
Contracts and Unexpired Leases and Establishing Cure Costs in Connection
Therewith; and (D) Granting Related Relief on October 31, 2017 (Docket No. 345).
Lakeshore denies that it was a creditor of any of the debtor entities at either the time
when the Motion was filed or the Bankruptcy Court's Order was entered. Rather,
Lakeshore admits that it was a mere customer of at least one of the debtor entities
at the time. Only to the extent the Bankruptcy Court intends for the APA and Sale
Order to bind non-creditor customers of the company, Lakeshore admits that it is
bound by the APA and by the Sale Order.

Lakeshore did not assert an objection to Second RFA 10. EF argues the amended

response is argumentative and fails to fairly meet the substance of the matters sought to be

admitted, leaving EF and the Court to guess whether Lakeshore admits or denies that it is bound

---

pursuant to the Agreement, neither the purchase of the Purchased Property by the Purchaser, nor the fact that the
Purchaser is using any of the Purchased Property previously operated by the Debtors, will cause the Purchaser or any
of its affiliates to be deemed a successor in any respect to the Debtors' Business within the meaning of any … law,
rule or regulation … or under any products liability law or doctrine with respect to the Debtors' liability under such
law, rule or regulation or doctrine." [Sale Order at 25-26 ¶ 33].

by the APA and Sale Order. EF also argues that the amended response is insufficient because it contradicts Lakeshore's prior representations to this Court and other courts that it has waived notice of the bankruptcy and sale of assets. EF further argues that the Order applies to all "interested persons and entities" and not just creditors [Sale Order at 5 ¶ I] and that Lakeshore is an interested person (as well as a creditor) because it asserted contractual performance rights and warranty claims under alleged purchase orders and pricing agreements between it and Debtor.

In the amended response, Lakeshore admits that the APA was attached to the motion for the Sale Order filed on October 6, 2017, and that the Court entered the Sale Order on October 31, 2017. Lakeshore denies it was a creditor on those dates, but admits it was a customer at the time. Lakeshore admits it is bound by the APA and Sale Order if the Court intended them to bind non-creditor customers. Lakeshore's qualification about whether it is bound is not based on lack of notice but rather on the specific universe of parties bound. As shown by EF's arguments that Lakeshore is a creditor, this response points to a dispute of fact between the parties. In such circumstances, Rule 36 requires a response rather than an objection. Fed. R. Civ. P. 36(a)(5) & Advisory Committee Note to 1970 Amendment. Here, because the amended response contains the detail required by Rule 36, EF cannot challenge the response "on the ground that it is unsupported by evidence." *See* 8B Fed. Prac. & Proc. § 2263 & Fed. R. Civ. P. 36 Advisory Committee Note to 1970 Amendment. Furthermore, the various qualifications to the amended response—including the filing of the motion for a Sale Order, the entry of the Sale Order, and the effect of the Sale Order on different constituencies—all go to the binding effect of the Sale Order and who is bound, such that the amended response fairly meets the substance of the matters sought. Therefore, the Court finds that the amended response to Second RFA 10 is sufficient.

Based on the foregoing, it is

13

ORDERED that the Motion is GRANTED in part and DENIED in part; it is further

ORDERED that the second sentence of Lakeshore's amended response to First RFA 2 is stricken; it is further

ORDERED that Lakeshore's objections to First RFA 6 and 8 are OVERRULED.

The Court will defer ruling on EF's request for attorneys' fees until after an evidentiary hearing to be scheduled at a later date.

**END OF ORDER**

**<u>Distribution List</u>**

William A. DuPre, IV
Miller & Martin, PLLC
Suite 2100
1180 West Peachtree Street, N.W.
Atlanta, GA 30309

Michael P. Kohler
Miller & Martin PLLC
Suite 2100
1180 W. Peachtree St., N.W.
Atlanta, GA 30309-3407

Matthew W. Levin
Scroggins & Williamson P.C.
One Riverside, Suite 450
4401 Northside Parkway
Atlanta, GA 30327

J. Robert Williamson
Scroggins & Williamson, P.C.
One Riverside, Suite 450
4401 Northside Parkway
Atlanta, GA 30327

John F. Isbell
Thompson Hine LLP
Suite 1600 - Two Alliance Center
3560 Lenox Road
Atlanta, GA 30326

John K. Flock
500 N. Brand Blvd., Suite 2200
Glendale, CA 91203

Albert F. Nasuti
Thompson, O'Brien, Kappler & Nasuti, P.C.
Suite 400
2 Sun Court
Peachtree Corners, GA 30092

15