**IT IS ORDERED as set forth below:**



**Date: November 9, 2023**

_____
**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

| | |
|---|---|
| IN RE: | |
| BEAULIEU GROUP, LLC et al., | CASE NO. 17-41677-BEM |
| Debtors. | |
| | CHAPTER 11 |
| ENGINEERED FLOORS, LLC, | |
| Plaintiff, | |
| | ADVERSARY PROCEEDING NO. |
| v. | 18-4031-BEM |
| BEAULIEU OF AMERICA, INC., et al., | |
| Defendants. | |

# **O R D E R**

This matter is before the Court on Defendant Lakeshore Equipment Company d/b/a Lakeshore Learning Materials' ("Lakeshore") *Motion for Relief From Judgment* (the "Motion"). [Doc. 268]. In the Motion, Lakeshore seeks relief from the Court's order of April 11, 2023 (the "April 2023 Order"), granting summary judgment in part to Plaintiff Engineered Floors, LLC

("EF"). [Doc. 227]. Lakeshore seeks this relief under Federal Rule of Civil Procedure 60(b) based on alleged judicial admissions made by EF's counsel during closing arguments at the conclusion of a trial. EF filed a response [Doc. 270], and Lakeshore filed a reply [Doc. 274]. The Motion is ripe for determination.

**I. Factual Background**

Debtor manufactured and sold carpet. Lakeshore was a customer of Debtor. During the bankruptcy case, EF purchased Debtor's assets pursuant to an asset purchase agreement that was approved by order of the Court (respectively, the "APA" and the "Sale Order"), after which Lakeshore became a customer of EF. Lakeshore subsequently sued EF for allegedly defective carpets. The carpets at issue have been categorized into three buckets: Bucket 1 carpets are those manufactured and sold by Debtor; Bucket 2 carpets are those manufactured at least in part by Debtor and sold by EF; and Bucket 3 carpets are those manufactured and sold by EF.

Earlier in this proceeding, Lakeshore filed a motion for partial summary judgment seeking a finding that the APA and Sale Order did not grant EF immunity from liability for defective products that fell into either Bucket 2 or Bucket 3. [Doc. 47 at 2]. Bucket 1 claims were not at issue. Section 2.2 of the APA defines the liabilities assumed by EF. Section 2.2(d) of the APA provides assumed liabilities include:

> at [EF's] sole discretion following the Closing to be determined on a case-by-case basis, any liabilities to repair or replace, or to refund the sales price (plus commercially reasonable related expenses) of Products manufactured by [Debtor] which any customer claims to be defective, or liabilities arising under warranties issued by [Debtor] [.]

[Doc. 259-36 at 15; Pl. Ex. 36]. The Court ruled that § 2.2(d) applies only to Bucket 1 carpet and, therefore, the APA and Sale Order do not shield EF from liability for warranty and product liability

2

claims it issued for Bucket 2 carpet (the "November 2020 Order").[1] [Doc. 136 at 27, 35]. That part of the November 2020 Order has been affirmed on appeal to the District Court and the Eleventh Circuit Court of Appeals. [Docs. 171 at 11-12, 209 at 10].

After the appeals, the remaining issue in this proceeding is whether Lakeshore is in contempt of the APA and Sale Order by certain claims it asserted against EF in this proceeding and in nonbankruptcy proceedings filed in 2018 (the "2018 Lawsuit") and in 2020 (the "2020 Lawsuit") on the basis that those claims included Bucket 1 carpet. EF filed a motion for partial summary judgment on its contempt claim seeking a determination that Lakeshore is bound by the APA and Sale Order and that Lakeshore violated same. [Doc. 213]. In the April 2023 Order, the Court found that Lakeshore is bound by the APA and Sale Order, that Lakeshore violated the APA and Sale Order by filing the complaint in the 2018 Lawsuit, that Lakeshore did not violate the APA and Sale Order by claims made in this proceeding, and that factual issues prevented a determination of whether Lakeshore violated the APA and Sale Order by claims made in the 2020 Lawsuit. The April 2023 Order did not determine whether Lakeshore is in contempt and, if Lakeshore is in contempt, the appropriate sanctions to be imposed.

On August 28-30, 2023, the Court held a trial to consider any further violations of the APA and Sale Order by Lakeshore and whether Lakeshore should be held in contempt. Lakeshore filed this Motion after the trial. In its brief in support of the Motion, Lakeshore contends that during rebuttal at the trial, EF's counsel admitted that EF has assumed at least some liabilities for Bucket 1 carpet, despite having previously taken a contrary position. Lakeshore asks the Court to modify the April 2023 Order, find that Lakeshore did not violate the APA by bringing the 2018 Lawsuit because EF assumed those liabilities, and authorize Lakeshore to pursue Bucket 1 claims

---

[1] There was no dispute that EF is liable for warranty and product liability claims for Bucket 3 carpet.

3

in the 2020 Lawsuit. Alternatively, Lakeshore asks the Court to find a dispute of material fact as to the nature and extent of EF's assumption of liabilities and to schedule an evidentiary hearing to resolve the dispute of fact.

**II. Analysis**

    **A. Rule 60(b)**

Lakeshore seeks relief pursuant to Federal Rule of Civil Procedure 60(b)(2) and (b)(6), made applicable by Federal Rule of Bankruptcy Procedure 9024. Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: …
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); … or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(2), (6). To prevail under Rule 60(b), the movant must do more than show the court "could have vacated its order; instead the [movant] must 'demonstrate a justification so compelling that the court was required to vacate its order." *Williams v. North Fla. Regional Med. Ctr., Inc.*, 164 F. App'x 896, 898 (11th Cir. 2006) (quoting *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993)).

    **B. Finality of the April 2023 Order**

Rule 60(b) allows a party to seek relief from a "*final* judgment, order, or proceeding[.]" Fed. R. Civ. P. 60(b) (emphasis added). "A final judgment under Rule 60(b) is any judgment that is an appealable order." *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1131 (11th Cir. 1986). "[T]o be final, a bankruptcy court order must 'completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief.'" *In re Donovan*, 532 F.3d 1134, 1136-37 (11th Cir. 2008) (quoting *In re Atlas*, 210 F.3d 1305, 1308 (11th Cir. 2000)).

4

Lakeshore seeks relief from the April 2023 Order, which granted summary judgment in part and concluded only that Lakeshore violated the APA and Sale Agreement in bringing the 2018 Lawsuit. It did not find Lakeshore liable for contempt nor did it impose sanctions. Although neither party raised the applicability of Rule 60(b) to the April 2023 Order, the Court is not convinced that it meets the finality requirement, absent certification under Rule 54(b).[2] *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744, 96 S. Ct. 1202, 1206 (1976) (Orders granting partial summary judgment as to liability "are by their terms interlocutory … and where assessment of damages or awarding of other relief remains to be resolved have never been considered to be 'final' within the meaning of 28 U.S.C. § 1291."); *Firestone Bldg Prods. C., LLC v. Ramos*, 750 F. App'x 777, 783 n.4 (11th Cir. 2018) (questioning whether Rule 60(b) applies to interlocutory summary judgment orders). However, even if the April 2023 Order is final for purposes of Rule 60(b), Lakeshore has not shown it is entitled to relief.

**C. Newly Discovered Evidence**

First Lakeshore seeks relief based on newly discovered evidence under Rule 60(b)(2). A motion under Rule 60(b)(2) "is an extraordinary motion and the requirements of the rule must be strictly met." *Toole v. Baxter Healthcare Corp*., 235 F.3d 1307, 1316 (11th Cir. 2000) (internal quotation marks and citation omitted). Those requirements are that: (1) the evidence is newly discovered since the trial; (2) the movant exercised due diligence to discover the new evidence; (3) the new evidence is not merely cumulative or impeaching; (4) the new evidence is material; and (5) a new trial with the new evidence would probably produce a new result. *Waddell v. Hendry Cty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003).

---

[2] Rule 54(b) allows a court to certify an order as final, but it only applies in cases involving either multiple claims or multiple parties. Fed. R. Civ. P. 54(b).

5

Lakeshore contends that the finding in the April 2023 Order that the 2018 Lawsuit asserting successor liability claims against EF violated the APA and Sale Order is predicated on the notion that EF has assumed none of the liabilities that are the subject of the 2018 Lawsuit. Lakeshore further contends that EF conceded for the first time in its rebuttal argument at trial that EF assumed some of the Bucket 1 liabilities.

In closing arguments at the trial, counsel for Lakeshore said of § 2.2(d) of the APA: "That provision is really important. Because what it says is that Engineered Floors through their actions can assume responsibility for Beaulieu's warranties, Beaulieu's defects, and all liabilities and claims arising from that." [Doc. 272 at 29]. Lakeshore's counsel then argued that by certain conduct, including an email at Defense Exhibit 20,[3] EF had assumed liability for Bucket 1 claims. [Id. at 30-32]. Lakeshores' counsel further said, "This Court says [the 2018 Lawsuit] violated the APA and the sale order. Okay, fine. I think the conduct of Engineered Floors assuming those responsibilities under the APA may disagree with the Court's order on that issue, but we're not here to relitigate that." [Id. at 33].

In rebuttal, counsel for EF said: "And [counsel for Lakeshore] did recite a portion of the APA, 2.2(d), I think he said, that said that on a case-by-case basis, we could, selectively – which is what we did – assume obligations. And we did do that. We made no bones about it. I mean, we acknowledged that we decided, in some instances, it made sense to us. But there is no document and there is no proof that we ever said, well, we're just completely waiving all of the provisions and the protections of the APA and the sale order. There is no such agreement." [Id. at 46-47]. Counsel for EF further said: "What the Court needs to understand is, they're suing us for

---

[3] The December 13, 2017 email is from the territory manager at EF to employees of Lakeshore and says, "Claims like these are denied because invoices are dated before engineered floors purchased Beaulieu. Claims automatically sends out this typical response. With Lakeshores account, I will forward to my boss to credit these denied claims. You do not have to do anything on your side. I anticipate that this will be going on for some time until we work through these old invoices that were invoiced by Beaulieu." [Doc. 262-20, Def. Ex, 20].

6

Beaulieu's old legacy contractual warranty obligations, that there is no proof whatsoever that anyone ever exchanged, discussed, or ratified or said, hey, we're not under the APA and sale order, we're under those." [Id. at 48].

Lakeshore contends that the first and second requirements of the test for newly discovered evidence are satisfied because the statements by EF's counsel on rebuttal are the first time EF has conceded that it assumed some Bucket 1 liabilities, and the statements constitute a judicial admission.[4] As pointed out by EF, this is incorrect. In the amended complaint for this proceeding, EF alleged: "On a case by case basis, as provided under the APA, Engineered Floors elected to and did honor on a case by case basis a limited number of specific warranty claims and issued credits on carpet the Debtor sold to Lakeshore in the amount of $3,145.94[.]" [Doc. 79 ¶ 39]. EF further alleged that it "did not assume liability for product warranty claims on carpet sold or manufactured by the Debtor." [Id. ¶ 65]. In earlier briefing in this proceeding, EF stated that (1) it filed this adversary proceeding seeking a judgment that, among other things, "it is not responsible for liabilities which [it] did not assume under the Sale Order and APA" [Doc. 60 at 3]; (2) it "reserved the right, at its sole discretion, to assume and pay customer warranty claims for product made by the Debtor on a case-by-case basis under the APA" [Id. at 7]; and (3) EF "elected to exercise its discretion in honoring some of Lakeshore's warranty claims, on a case-by-case basis, as provided under the APA. [EF] did not elect to honor and did not assume liability for the other warranty claims that Lakeshore is asserting in this adversary proceeding." [Id. at 6-7; Doc. 86 at

---

[4] "Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them. … Judicial admissions must be clear, deliberate, and unequivocal factual assertions …." *Langdale Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Penn*., 110 F. Supp.3d 1285, 1293-94 (N.D. Ga. 2014), aff'd, 609 F. App'x 578 (11th Cir. 2015) (internal quotation marks and citations omitted). "Judicial admissions may not be controverted unless the court permits the admission to be withdrawn or the pleading containing the admission is amended or withdrawn. … Judicial admissions are not evidence, but have the effect of withdrawing a fact from contention." *In re Bay Circle Props., LLC*, No. 15-58440-WLH, 2020 WL 1671553, at *5 (Bankr. N.D. Ga. Apr. 3, 2020) (Hagenau, J.) (internal quotation marks and citations omitted).

5]. While the briefs refer to credits generally,[5] and not specifically to credit for Bucket 1 carpet, the amended complaint does specify amounts credited for "carpet the Debtor sold to Lakeshore," i.e., Bucket 1.

Based on the foregoing, the factual matter in the rebuttal argument by EF's counsel does not satisfy the test for newly discovered evidence. Both the language of the APA regarding assumption of liabilities and EF's allegation that it provided credit for some Bucket 1 carpet has been available to Lakeshore at least since the filing of the amended complaint on June 12, 2020. Therefore, neither the first nor third requirement of the test for newly discovered evidence has been satisfied. The statements are not newly available, and they are cumulative of the allegations in the amended complaint. As a result, Lakeshore is not entitled to relief under Rule 60(b)(2).

### D. Any Other Reason That Justifies Relief

Next, Lakeshore seeks relief under Rule 60(b)(6). "Rule 60(b)(6) provides a catchall for 'any other reason that justifies relief.' This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable. … Even then, 'extraordinary circumstances' must justify reopening." *Kemp v. United States*, __ U.S. __, 142 S. Ct. 1856, 1861 (2022) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863, n.11, 108 S. Ct. 2194, 2204 n.11 (1988)).

Lakeshore contends that a judicial admission in a rebuttal argument constitutes exceptional circumstances. Furthermore, failure to grant relief will cause Lakeshore an extreme hardship in the form of contempt of court and inability to pursue Bucket 1 claims in the 2020 Lawsuit. The Court disagrees. As noted above, the asserted judicial admission was not new information and is not an extraordinary circumstance or prejudicial to Lakeshore on that basis.

---

[5] At that point in this proceeding, the focus was more on whether EF was liable for claims arising from sales of Bucket 2 carpet under the APA and Sale Order.

8

Additionally, on April 29, 2020 Lakeshore and the Liquidating Trustee entered into an agreement to settle Lakeshore's claims against the estate. [Case No. 17-41677, Doc. 1928 Ex. A]. The agreement provides in part:

> *[T]he Lakeshore Parties hereby release, acquit and forever discharge EF ... from any and all claims*, counterclaims, rights, demands, obligations, costs, damages, losses, liabilities, attorneys' fees, actions, lawsuits and causes of action … which the Lakeshore Parties have, had or may hereafter claim to have in law or in equity, arising on or before the date of this Agreement, *that arise out of or in connection with carpet manufactured in whole or part by the Debtors and sold to Lakeshore by the Debtors*[.]

[Id. Doc. 1928 at 15 (emphasis added)].[6] The settlement was approved by the Court on June 2, 2020 [Id. Doc. 1944] and became effective on December 17, 2021. [Id. Doc. 2001]. In its responsive papers to EF's motion for partial summary judgment, Lakeshore admitted that it and Debtor "agreed to a settlement of Lakeshore's late-filed $1.4 million administrative-expense claim for $102,500, while allowing Lakeshore to continue with all claims against Engineered Floors, except claims for allegedly defective carpet that Beaulieu alone had made and had sold to Lakeshore prior to November 6, 2017 (so called 'Bucket 1 claims')." [Doc. 219 ¶ 36]. Given the terms of this settlement, it is not clear how any Rule 60(b) relief would enable Lakeshore to pursue Bucket 1 claims against EF in the 2020 Lawsuit.

Lakeshore has not shown that the April 2023 Order is a final order for purposes of Rule 60(b), nor has it shown newly discovered evidence or other reason that justifies relief. Accordingly, it is

ORDERED that the Motion is DENIED.

**END OF ORDER**

---

[6] The 2020 Lawsuit was filed by EF on June 12, 2020. [Doc. 120 at 28]. Lakeshore filed its answer and counterclaims on July 24, 2020. [Pl. Ex. 51, Doc. 259-51].

Document     Page 10 of 10

**Distribution List**

William A. DuPre, IV
Miller & Martin, PLLC
Suite 2100
1180 West Peachtree Street, N.W.
Atlanta, GA 30309

Michael P. Kohler
Miller & Martin PLLC
Suite 2100
1180 W. Peachtree St., N.W.
Atlanta, GA 30309-3407

John K. Flock
500 N. Brand Blvd., Suite 2200
Glendale, CA 91203

Albert F. Nasuti
Thompson, O'Brien, Kappler & Nasuti, P.C.
Suite 400
2 Sun Court
Peachtree Corners, GA 30092

Michael Brian Pugh
Thompson, O'Brien, Kappler & Nasuti, P.C.
Suite 400
2 Sun Court
Peachtree Corners, GA 30092

Aaron M. Kappler
Thompson, O'Brien, Kappler & Nasuti, P.C.
Suite 400
2 Sun Court
Peachtree Corners, GA 30092